UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYNTRIX BIOSYSTEMS, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ILLUMINA, INC., a Delaware Corporation, | ) ) ) |
| Defendant. | ) ) |

No.

**COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Syntrix Biosystems, Inc. hereby files this Complaint against Defendant Illumina, Inc.

## **PARTIES**

1.      Plaintiff Syntrix Biosystems, Inc. ("Syntrix") is a Delaware corporation with its principle place of business located at 215 Clay Street Northwest, Suite B-5, Auburn, Washington 98001.  Syntrix was founded and is wholly owned by Dr. John A. Zebala.

2.      On information and belief, Defendant Illumina, Inc. ("Illumina") is a Delaware corporation with its principal place of business at 9885 Towne Centre Drive, San Diego, California 92121.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET
MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST
ENRICHMENT - 1
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

## JURISDICTION AND VENUE

3.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1, et seq; trade secret misappropriation under the Uniform Trade Secrets Act, RCW 19.108; breach of contract; and unjust enrichment.  This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331, 1338, and 1367(a).

4.      On information and belief, venue is proper in the Western District of Washington under 28 U.S.C. §§ 1391 and 1400(b) because Illumina has, on a continual basis, committed infringing acts alleged herein within the Western District of Washington, in business interactions purposefully elicited by Illumina with or directed to residents of this District, including, *inter alia,* actively soliciting and causing infringing and wrongful sales directed into this District; advertising through its internet website, internet website advertising and promotion, and other advertising within this District; and making other sales or offers for sale of the infringing products within this District.

5.      On information and belief, Illumina sells and/or offers for sale infringing products and services to residents and businesses in Pierce, Thurston, Lewis and Clark Counties, Washington.  On information and belief, Illumina has sold and/or offered for sale infringing products and/or services to various clinical and research laboratories which are located in Pierce, Thurston, Lewis and Clark Counties, Washington.

## FACTS AND BACKGROUND

**Syntrix's Disclosure of its Trade Secrets to Illumina Under a Nondisclosure Agreement**

6.      On or about December 1, 1998, Dr. Zebala filed U.S. provisional patent application number 60/110,529 ("the '529 provisional application), which describes Syntrix proprietary technology related to synthetic matrices and arrays.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET
MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST
ENRICHMENT - 2
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

7.      On or about September 17, 1999, Dr. Zebala filed U.S. utility patent application 09/332,815 ("the '815 application").  The '815 application claims priority to the '529 provisional application and describes the same proprietary Syntrix synthetic matrix and array technology.

8.      On or about January 20, 2000, Syntrix entered into a Nondisclosure Agreement with Illumina.  Under that agreement, Illumina agreed not to use any of Syntrix's confidential, trade secret information "for any purpose except to evaluate and engage in discussions concerning a potential business relationship" between Syntrix and Illumina.  Dr. John R. Stuelpnagel, who is a founder of Illumina, signed the agreement on behalf of Illumina.  On information and belief, Dr. Stuelpnagel is still an Illumina employee.

9.      Also on or about January 21, 2000, after the Nondisclosure Agreement was in place between Syntrix and Illumina, Dr. Zebala provided a confidential packet of Syntrix trade secret information to Illumina.  Included in that packet of information was a copy of the '815 application (which was not publicly available) and a multimedia presentation describing Syntrix's Synthetic Matrix Technology and Nanoceramic Film Technology (the technology disclosed in the '815 application).

10.     Nineteen days later, on or about February 10, 2000, Illumina filed U.S. provisional patent application 60/181,631 ("the '631 provisional application").  The six-page '631 provisional application contains figures and disclosures that closely resemble the trade secret Syntrix synthetic matrix and array technology described in the packet of information provided to Illumina by Dr. Zebala.  Dr. Zebala did not discover that Illumina had filed the '631 provisional application until June 4, 2010.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET
MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST
ENRICHMENT - 3
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

11.     Illumina currently manufacturers, uses, sells, and offers for sale products, including but not limited to Illumina's BeadChip and Array Matrix Products, that embody the Syntrix trade secret information provided to Illumina under the confidentiality agreement it had entered into with Syntrix.  Many of these products have been marketed under the name "Sentrix", including the "Sentrix Array Matrix", "Sentrix BeadChip", and "Sentrix BeadArray Reader."

U.S. Patent No. 6,951,682

12.     On October 4, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,951,682 ("the '682 patent"), titled "*Porous Coatings Bearing Ligand Arrays and Use Thereof*," to John A. Zebala ("Zebala").  The '682 patent resulted from the '815 application, and claims priority to the '529 provisional application.  The disclosures in the '529 provisional application and the '815 application were disclosed to the public on August 6, 2000 in WO/2000/033078.  A true and correct copy of the '682 patent is attached as **Exhibit A.**

13.     Syntrix is the owner of all rights, title, and interest in and to the '682 patent.

14.     The '682 patent is valid and enforceable.

**Illumina's Willful Infringement of the '682 Patent**

15.     On information and belief, Illumina manufactures, uses, sells, and/or offers for sale one or more products, including but not limited to Illumina's BeadChip, Array Matrix, HiScan and Array of Array Products, that practice each of the elements of one or more claims of the '682 patent, without license from Syntrix, in the Western District of Washington and throughout the United States.

16.     On or about January 19, 2007, Syntrix contacted Dr. Stuelpnagel and offered Illumina a license to the '682 patent.  Following that initial contact, Syntrix and Illumina had a

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST ENRICHMENT - 4
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

series of communications regarding Syntrix's license offer.  Illumina has never taken a license to the '682 patent.

**Re-Examination of the '682 Patent**

17.    On or about June 11, 2008, a third party filed re-examination petition 90/011,998 with the USPTO.  In that re-examination petition, the third party asserted that many claims of the '682 patent were not patentable.  On information and belief, the third party that filed the re-examination petition was Illumina.

18.    On June 29, 2010, the USPTO issued a re-examination certificate confirming the patentability of all of the claims of the '682 patent, with only two minor amendments to those claims.

<u>**COUNT I**</u>
<u>**Patent Infringement of U.S. Patent No. 6,951,682**</u>

19.    This count incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20.    On information and belief, Illumina manufactures, uses, sells, and/or offers for sale one or more products, including but not limited to Illumina's BeadChip, Array Matrix, HiScan and Array of Array Products, that embody one or more claims of the '682 patent, were manufactured using the method of one or more claims of the '682 patent, and/or are used in a method of one or more claims of the '682 patent without license from Syntrix, in the Western District of Washington and throughout the United States.

21.    By manufacturing, using, selling, and/or offering for sale its products, Illumina has directly infringed, and will continue to directly infringe, one or more claims of the '682

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET
MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST
ENRICHMENT - 5
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

22.     By manufacturing, using, selling, and/or offering for sale its products, Illumina has contributorily infringed, and will continue to contributorily infringe, one or more claims of the '682 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

23.     By manufacturing, using, selling, and/or offering for sale its products, Illumina has induced infringement of, and will continue to induce infringement of, one or more claims of the '682 patent under 35 U.S.C. § 271 (b), and/or (f), literally and/or under the doctrine of equivalents.

24.     As a direct and proximate consequence of the acts and practices of Illumina, Syntrix has been, is being and will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

25.     On information and belief, Illumina's infringement of the '682 patent has been and continues to be willful and deliberate.

## COUNT II
## Violation Of Uniform Trade Secrets Act – RCW 19.108

26.     This count incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     Syntrix disclosed confidential and proprietary information to Illumina, which information derived independent economic value because it was not generally known outside of Syntrix and was not readily ascertainable by proper means by other persons who could obtain

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST ENRICHMENT - 6
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

economic value from its disclosure or use.  This information comprised trade secrets under RCW 19.108.010 *et seq*.

28.     Illumina was not entitled to use Syntrix's confidential, proprietary, and trade secret information and was bound by the Nondisclosure Agreement it entered into with Syntrix. Moreover, Illumina knew or had reason to know that the information disclosed to it by Syntrix comprised trade secrets of Syntrix and that this information was acquired by Illumina in circumstances giving rise to a duty on Illumina's part to maintain the confidentiality and secrecy of, and to limit the use of, such information.

29.     Illumina misappropriated and misused Syntrix's trade secrets without Syntrix's consent and in violation of Washington law.

30.     Illumina's conduct has caused and is causing damage to Syntrix.  Syntrix is entitled to damages for the actual loss and unjust enrichment caused by Illumina's misappropriation.

31.     Illumina's misappropriation of Syntrix's trade secrets was willful and malicious, justifying an award of exemplary damages under RCW 19.108.030(2) and attorneys' fees under RCW 19.108.040.

### COUNT III
### Breach of Contract

32.     This count incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33.     Syntrix and Illumina are parties to a Nondisclosure Agreement with specific and enforceable terms.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST ENRICHMENT - 7
Case No.

34.     Illumina has breached the Nondisclosure Agreement by at least filing the '631 provisional application and by using Syntrix confidential and proprietary information to create its BeadChip, Array Matrix, HiScan and Array of Array products.

35.     Syntrix has suffered damages as a result of Illumina's breach in an amount to be proved at trial.

36.     Under the Nondisclosure Agreement, Illumina agreed "that any violation or threatened violation of this Agreement may cause irreparable injury to [Syntrix], entitling [Syntrix] to seek injunctive relief in addition to all legal remedies without showing or proving any actual damage and without any bond required to be posted."

## COUNT IV
## Unjust Enrichment

37.     This count incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

38.     Illumina has received valuable benefits from Syntrix, i.e., the confidential, proprietary, and trade secret Syntrix information sent to Illumina by Dr. Zebala, and has used that information to create its BeadChip, Array Matrix, HiScan and Array of Array products. Illumina has not compensated Syntrix for providing that information.

39.     Syntrix has been damaged by Illumina's failure to compensate Syntrix, and Illumina's gaining the benefit of Syntrix's work without payment to Syntrix constitutes unjust enrichment in an amount to be proven at trial.

## REQUEST FOR A JURY TRIAL

Syntrix requests a jury trial of all issues in this action so triable.

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET
MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST
ENRICHMENT - 8
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

## PRAYER FOR RELIEF

WHEREFORE, Syntrix Biosystems, Inc. prays for judgment against Illumina as follows and for the following relief:

A.      the entry of a permanent injunction enjoining Illumina from selling any products that are based on Illumina's use of confidential, proprietary, and trade secret information provided to Illumina by Syntrix under the Nondisclosure Agreement;

B.      a judgment that the '682 patent was duly and legally issued, is valid and is enforceable;

C.      a judgment that Illumina has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '682 patent;

D.      a judgment that Illumina has willfully infringed one or more claims of the '682 patent;

E.      actual damages through verdict and post-verdict;

F.      an accounting of damages through verdict and post-verdict;

G.      all pre-judgment and post-judgment interest allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '682 patent to the day a damages judgment is entered, and further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

H.      a judgment and order finding this to be an exceptional case and requiring Illumina to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

I.      an award of increased damages pursuant to 35 U.S.C. § 284 for Illumina's willful and deliberate patent infringement;

J.      a judgment and award of exemplary damages under RCW 19.108.030(2) and attorneys fees under RCW 19.108.040 for Illumina's willful and malicious misappropriation of Syntrix's trade secrets;

K.      reasonable attorneys fees and costs; and

L.      such other and further relief as the Court deems just and equitable.

Dated: November 24, 2010                          Respectfully submitted,

BRACEWELL & GIULIANI LLP

*s/ Christopher Schenck*
Christopher Schenck (WSBA #37997)
chris.schenck@bgllp.com
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104
Tel: 206-204-6200
Fax: 206-204-6262

Alan D Albright
alan.albright@bgllp.com
Barry K. Shelton
barry.shelton@bgllp.com
Brian Nash
brian.nash@bgllp.com
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Tel: 512-472-7800
Fax: 512-472-9123

Mr. Ralph D. McBride
ralph.mcbride@bgllp.com
Bradley J. Benoit
brad.benoit@bgllp.com
711 Louisiana
2300 S. Tower, Pennzoil Place
Houston TX 77002-2770
Tel: 713-223-2900
Fax: 713-221-1212

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET
MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST
ENRICHMENT - 10
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970

**NIX, PATTERSON & ROACH LLP**

Brad Beckworth
bbeckworth@nixlawfirm.com
Derek Gilliland
dgilliland@nixlawfirm.com
205 Linda Drive
Daingerfield, TX 75638
Tel: 903-645-7333
Fax: 903-645-5389

Anthony K. Bruster
akbruster@nixlawfirm.com
Edward Chin
edchin@me.com
5215 N. O'Connor Blvd., 19th Floor
Irving, TX 75039
Tel: 972-831-1188
Fax: 972-444-0716

**FOSTER PEPPER, PLLC**

Bradley P. Thoreson (WSBA #18190)
thorb@foster.com
Jeffrey G. Frank
fraje@foster.com (WSBA #16287)
1111 Third Avenue, Suite 3400
Seattle, WA  98101
Tel: 206-447-4400
Fax: 206-749-1923

*Counsel for Plaintiff Syntrix Biosystems, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET
MISAPPROPRIATION, BREACH OF CONTRACT, AND UNJUST
ENRICHMENT - 11
Case No.

Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington  98104-7043
Phone 206.206.204.6200   Fax 800.404.3970