UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNTRIX BIOSYSTEMS, INC.,

        Plaintiff,

   v.

ILLUMINA, INC.,

        Defendant.

CASE NO. C10-5870 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND CONTENTIONS

    This matter comes before the Court on Defendant Illumina, Inc.'s ("Illumina") motion for leave to amend its contentions (Dkt. 77). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On November 24, 2010, Plaintiff Syntrix Biosystems, Inc. ("Syntrix") filed a complaint against Illumina asserting numerous causes of action, including infringement of United States Patent No. 6,951,682 ("the '682 Patent"). Dkt. 1.

1       On July 1, 2011, Illumina served its noninfringement and invalidity contentions

2 pursuant to Local Patent Rule 121.

3       On June 11, 2012, the Court issued an order construing the claims of the '682

4 Patent. Dkt. 75.

5       On June 22, 2012, Illumia filed the instant motion for leave to amend its

6 contentions. Dkt. 77. On July 9, 2012, Syntrix responded. Dkt. 81. On July 13, 2012,

7 Illumina replied. Dkt. 83.

## II. DISCUSSION

9       "Amendment of the Infringement Contentions or the Invalidity Contentions may

10 be made only by order of the Court upon a timely showing of good cause." Local Patent

11 Rule 124. A circumstance "that may, absent undue prejudice to the non-moving party,

12 support a finding of good cause [is] . . . a claim construction by the Court different from

13 that proposed by the party seeking amendment . . . ." *Id.*

14       In this case, Illumina requests leave to amend its contentions because the Court

15 construed the claims different from that proposed by Illumina. Dkt. 77. Syntrix opposes

16 the request arguing that Illumina has not shown good cause for the amendments and that

17 Syntrix would be prejudiced by the amendments. Dkt. 81. Neither of Syntrix's

18 arguments are convincing. First, Illumina timely requested leave to amend to add three

19 published patents to its prior art invalidity contentions. Without a detailed analysis at this

20 procedural point, the patents appear to be relevant to the Court's construction. Based on

21 the appearance of relevance to the Court's construction, the Court finds that Illumina has

22 shown good cause for leave to amend.

1         Second, Syntrix argues that it will be prejudiced by the amendments because it has
2 expended its allowed number of depositions, the amendments would significantly
3 increase the number of invalidity contentions, and Illumina has not specifically stated its
4 desired amendments. Dkt. 81 at 11–12. None of these arguments show undue prejudice.
5 With regard to depositions, the parties may stipulate to additional depositions. Fed. R.
6 Civ. P. 30(a)(2)(A). The Court assumes that Illumina would stipulate to a deposition that
7 is directly correlated to these amendments.

8         With regard to the number of invalidity contentions, the Court prefers matters to
9 be resolved on the merits. It is general knowledge that patent litigation involves a
10 significant amount of work by the parties as well as the Court. Additional work before
11 the close of discovery is not unduly prejudicial.

12         With regard to Illumina's failure to specifically identify its desired amendments,
13 the Court assumes that Illumina's amendments consist of the three patents that Illumina
14 voluntarily disclosed to Syntrix while this motion was pending. *See* Dkt. 81 at 5–6.
15 While the Court would prefer a request for leave to file specific amendments, the Court is
16 unable to find that Illumina's general request is unduly prejudicial. If Illumina's actual
17 contentions depart significantly from its representations to Syntrix ***and*** the parties are
18 unable to resolve any problem that may arise as a result of such a departure, Syntrix may
19 file a motion to strike any unduly prejudicial amendment.

### III. ORDER

Therefore, it is hereby **ORDERED** that Illumina's motion for leave to amend its contentions (Dkt. 77) is **GRANTED**. Illumina must serve its amended contentions no later than July 27, 2012.

Dated this 24th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge