1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

SYNTRIX BIOSYSTEMS, INC.,

11

Plaintiff,

12

vs.

13

ILLUMINA, INC.,

14

Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

) No. 3:10-cv-05870-BHS
)
) ILLUMINA, INC.'S RESPONSE TO
) SYNTRIX'S MOTION TO SEAL
)
)
)
) Note on Motion Calendar: Dec. 28, 2012
)
)
)

Pursuant to Local Rules W.D. Wash. LCR 5(g)(3), Defendant Illumina, Inc. ("Illumina") responds to Syntrix Biosystems, Inc. ("Syntrix")'s Motion to Seal (Doc. No. 105) and requests that the Court order that the unredacted version of Exhibit E to Syntrix's Motion for Partial Summary Judgment remain sealed.

## I.      BACKGROUND

As support for its motion for partial summary judgment, Syntrix attached as Exhibit E excerpts of the Expert Report of Dr. Michael Metzker.[1]    This document was designated as Confidential - Outside Counsels' Eyes Only under the Protective Order (Doc No. 49).  Pursuant to LCR 5(g)(3), Syntrix publicly filed a version of Exhibit E (Doc. No. 107) containing

---

[1] Exhibit E was attached to the Declaration of Christopher Schenck in Support of Plaintiff Syntrix Biosystems, Inc.'s Motion for Summary Judgment (Doc No. 107).

ILLUMINA, INC.'S RESPONSE TO
SYNTRIX'S MOTION TO SEAL -- 1

No. 3:10-cv-05870-BHS
m42880-1880011.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1 redactions to portions of five paragraphs that Illumina identified as confidential and proprietary.

2 Syntrix also filed an unredacted version of Exhibit E (Doc No. 108) and a Motion to Seal (Doc.

3 No. 105) that unredacted version.  This Response supports Syntrix's Motion to Seal and requests

4 that the unredacted version of Exhibit E remain sealed.

5 **II.     FACTS & AUTHORITY**

6 Pursuant to the Protective Order issued by the Court on June 20, 2011 (Doc. No. 49 at 10-

7 11), Illumina is permitted to file materials designated by either party as Confidential - Outside

8 Counsels' Eyes Only, with such documents to remain under seal upon Court approval.

9 The Federal Rules of Civil Procedure recognize that courts may permit parties to file

10 "trade secrets or other confidential research, development, or commercial information" under

11 seal. Fed. R. Civ. P. 26(c)(1)(G) and (H). District courts "are in the best position to weigh the

12 fairly competing needs and interests of the parties affected by discovery," in crafting the

13 appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co.*

14 *v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206,

15 1211-12 (9th Cir. 2002).

16 Further, while the public generally enjoys a right to inspect and copy public records, "it is

17 uncontested . . . that the right to inspect and copy judicial records is not absolute. Every court has

18 supervisory power over its own records and files, and access has been denied where court files

19 might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435

20 U.S. 589, 598 (1978).

21 A party seeking to seal judicial records can overcome the presumption of public access to

22 court records by providing "sufficiently compelling reasons" that override the public policies

23 favoring disclosure. *In re Midland Nat'l. Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

24 Compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing

25 court records exist when such 'court files might have become a vehicle for improper purposes,'

26 such as the use of records to gratify private spite, promote public scandal, circulate libelous

ILLUMINA, INC.'S RESPONSE TO
SYNTRIX'S MOTION TO SEAL -- 2

No. 3:10-cv-05870-BHS
m42880-1880011.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1    statements, or release trade secrets." *Id.* at 1120 (quoting *Nixon*, 435 U.S. at 598). The Ninth

2    Circuit has adopted the Restatement of Torts' definition of a trade secret, which states that a

3    "trade secret is a process or device for continuous use in the operation of the business" and "may

4    consist of any formula, pattern, device or compilation of information which is used in one's

5    business, and which gives him an opportunity to obtain an advantage over competitors who do

6    not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1008-09 (9th Cir. 1972).

7         As shown in the supporting Declaration of Illumina's in-house counsel, Amy McCourt

8    ("McCourt Decl."), there are "compelling reasons" to seal the documents described below that

9    outweigh any public interest in disclosing them.  These descriptions pertain only to the material

10   that has been redacted from five paragraphs of Exhibit E.   The remainder of Exhibit E is

11   available publicly.

12        (1)  Paragraphs 132-33, 138:  These paragraphs contain an examination and a disclosure

13   of confidential and non-public technical product specifications of Illumina's products, details

14   regarding Illumina's product line and its scope.   None of this information is shared publicly.

15   (McCourt Decl. ¶ 3.)  For instance, the number of formats that are available for all BeadChips

16   and for a particular bead size is confidential and proprietary.  Similarly, the catalog, "slide part"

17   and "slide" numbers described in these paragraphs and the corresponding footnotes are used

18   internally by Illumina and are not provided to customers or to competitors.  (*Id.*)

19        (2)  Paragraph 140:  This paragraph contains the identity of a non-party licensor and a

20   description of proprietary information that it licenses to Illumina.  The non-party's identity, the

21   existence of the agreement, and the proprietary technology it licenses to Illumina are treated as

22   confidential by both Illumina and the non-party and are the subject of the confidentiality

23   provision of the license agreement.  (McCourt Decl. ¶ 4.)  Licensing agreements and related

24   documents have been recognized as trade secrets, and thus courts have found there are

25   "compelling reasons" to seal them.  *See, e.g., In re Electronic Arts, Inc.*, 298 F. App'x 568, 569-

26   70 (9th Cir. 2008) (sealing license agreement as trade secret); *Powertech Tech., Inc. v. Tessera,*

ILLUMINA, INC.'S RESPONSE TO
SYNTRIX'S MOTION TO SEAL -- 3

No. 3:10-cv-05870-BHS
m42880-1880011.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

*Inc.*, No. C 11-6121, 2012 WL 3283420, at \*9 (N.D. Cal. Aug. 10, 2012) (sealing licensing information).

(3)  <u>Paragraph 277</u>:  This paragraph contains a disclosure of the deposition testimony of Robert Kain, which was designated "Confidential Outside Attorneys' Eyes Only."  Throughout his testimony, including in the excerpts cited in paragraph 277, Mr. Kain disclosed highly confidential information about Illumina's past internal business practices, the development of its intellectual property, and analysis and description of Illumina's business strategies.  (McCourt Decl. ¶ 5.)  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  (*Id.*)

### III.    CERTIFICATION AND CONCLUSION

In compliance with LCR 5(g) and the procedures outlined in the Protective Order, counsel for Illumina, including Eric Fraser and Diane Meyers, conferred with counsel for Syntrix, including Michael Samardzija, by email on December 14, 17, and 18, 2012.  Through this correspondence, the parties addressed the need to file materials under seal and resulted in decreasing the amount of material that needed to be filed under seal by agreeing to limit the pages Syntrix would file and by agreeing to file a redacted version of Exhibit E.  The redactions described above, with respect to Illumina-designated information, reflect that conference of counsel.

Illumina considers all of the information described in this motion and redacted from Exhibit E to be confidential and proprietary.  (McCourt Decl. ¶ 6.)  It does not freely disclose this information and provided it for use in this litigation pursuant to the protective order agreed to by the parties and filed by the Court.  (*Id.*)  Illumina believes that the public disclosure of this information would harm its competitive standing.  Illumina redacted only a very small portion of the material and Illumina is not aware of any public interest in the disclosure of this information.  For these reasons, Illumina requests that the Court enter an order that the unredacted version of Exhibit E to Syntrix's Motion for Partial Summary Judgment remain sealed.

ILLUMINA, INC.'S RESPONSE TO
SYNTRIX'S MOTION TO SEAL -- 4

No. 3:10-cv-05870-BHS

m42880-1880011.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1

2

3      DATED this 21st day of December, 2012.

4

5                                          By: s/Diane M. Meyers
                                               David B. Rosenbaum, *pro hac vice*
                                               Brett L. Dunkelman, *pro hac vice*
6                                              Erick S. Ottoson, *pro hac vice*
                                               Eric M. Fraser, *pro hac vice*
7                                              OSBORN MALEDON, P.A.
                                               2929 North Central Avenue, Suite 2100
8                                              Phoenix, Arizona  85012-2794
                                               drosenabaum@omlaw.com
9                                              bdunkelman@omlaw.com
                                               eottoson@omlaw.com
10                                             efraser@omlaw.com

11                                             Diane M. Meyers
                                               Graham & Dunn PC
12                                             2801 Alaskan Way – Suite 300
                                               Seattle, Washington 98121-1128
13                                             dmeyers@grahamdunn.com

14                                         *Attorneys for Defendant Illumina, Inc.*

15

16                              **CERTIFICATE OF SERVICE**

17          I hereby certify that on December 21, 2012, I electronically transmitted the attached
    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice
18  of Electronic Filing to the CM/ECF registrants.

19

20                                             s/ Elizabeth G. Pitman

21

22

23

24

25

26

ILLUMINA, INC.'S RESPONSE TO                          **GRAHAM & DUNN** PC
SYNTRIX'S MOTION TO SEAL -- 5                         Pier 70, 2801 Alaskan Way ~ Suite 300
                                                      Seattle, Washington  98121-1128
                                                      (206) 624-8300/Fax: (206) 340-9599

No. 3:10-cv-05870-BHS

m42880-1880011.doc