1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

| | |
|---|---|
| SYNTRIX BIOSYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ILLUMINA, INC.,<br><br>　　　　　Defendant. | CASE NO. C10-5870 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

13    This matter comes before the Court on Defendant Illumina, Inc.'s ("Illumina")

14 motion for partial summary judgment (Dkt. 94). The Court has considered the pleadings

15 filed in support of and in opposition to the motion and the remainder of the file and

16 hereby grants the motion for the reasons stated herein.

17                        **I. PROCEDURAL HISTORY**

18    On November 24, 2010, Plaintiff Syntrix Biosystems, Inc. ("Syntrix") filed a

19 complaint against Illumina alleging infringement of United States Patent No. 6,951,682

20 ("'682 patent"); trade secret misappropriation under the Uniform Trade Secrets Act,

21 RCW Chapter 19.108 ("UTSA"); breach of contract; and unjust enrichment. Dkt. 1.

22

1   On November 21, 2012, Illumina filed a motion for partial summary judgment on

2   Syntrix's state law claims.  Dkt. 94.  On December 20, 2012, Syntrix responded.  Dkt.

3   109.  On January 4, 2013, Illumina replied.  Dkt. 115.

4   ## II. FACTUAL BACKGROUND

5   On September 17, 1999, Dr. John A. Zebala filed U.S. utility patent application

6   09/332,815 ("'815 application"), which claimed priority to U.S. provisional patent

7   application number 60/110,529, filed on December 1, 1998.  In January of 2000, Syntrix

8   and Illumina entered into a nondisclosure agreement.  Dkt. 95, Declaration of Eric Fraser

9   ("Fraser Decl."), Exh. 1 ("NDA").  Syntrix contends that, after entering into the NDA, it

10  provided Illumina with "a confidential packet containing a multi-media presentation and

11  patent applications, including a copy of the '815 application that was not publicly

12  available at that time."  Dkt. 109 at 8 (citing Dkt. 110, Declaration of Jeffrey G. Frank

13  ("Frank Decl."), Exhs. C & D)).

14  On February 10, 2000, Illumina filed U.S. provisional patent application

15  60/181,631 entitled "Alternative Substrates And Formats For Bead-Based Array Of

16  Arrays."  Frank Decl., Exh. E ("'631 application").  The provisional application was non-

17  public when it was filed, and Syntrix contends that "it is undisputed that Illumina did not

18  inform Dr. Zebala" about the filing.  Dkt. 109 at 9.  The application, however, was

19  published on August 16, 2001.  Fraser Decl., Exh. 5.  For the purposes of this motion,

20  Illumina "assumes the truth of Syntrix's allegations" that Illumina

21  used [Syntrix's] confidential information to (1) draft [the '631 application],
    (2) create its accused BeadChip line of products and the instruments that
22  read the results of experiments performed on BeadChips, (3) form a

"business model" to manufacture and sell its BeadChip products, and (4) create the word "Sentrix" used in the names of some of its products.

Dkt. 94 at 4.

On October 4, 2005 the '815 application issued as the '682 Patent, which is titled "Porous Coatings Bearing Ligand Arrays and Use Thereof."

On September 14, 2006, Dr. Zebala received an email informing him of possible patent infringement.  Specifically, Francis Barney stated that "Joe was looking at the Illumina website and was surprised to find something that looked an awful lot like . . . your patent."  Fraser Decl., Exh. 9.  Dr. Zebala stated in his deposition that, upon viewing the website, it appeared that (1) Illumina's use of his business information "was apparent," (2) Illumina infringed his patent, and (3) Illumina's product name was very similar to Syntrix.  *Id.*, Exh. 8 at 555–564.  Dr. Zebala's discoveries led to communications via counsel.

On January 24, 2007, Syntrix's counsel wrote to Illumina regarding a license to the '682 patent.  *Id.*, Exh. 10.  On February 13, 2007, Syntrix's counsel wrote another letter comparing Illumina's BeadChip to specific language from the '682 Patent.  *Id.*, Exh. 11.

### III. DISCUSSION

Illumina moves for summary judgment on Syntrix's UTSA, breach of contract and unjust enrichment claims.

1 | **A.      Summary Judgment Standard**

2 |       Summary judgment is proper only if the pleadings, the discovery and disclosure

3 | materials on file, and any affidavits show that there is no genuine issue as to any material

4 | fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

5 | The moving party is entitled to judgment as a matter of law when the nonmoving party

6 | fails to make a sufficient showing on an essential element of a claim in the case on which

7 | the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

8 | 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

9 | could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

10 | *Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must

11 | present specific, significant probative evidence, not simply "some metaphysical doubt").

12 | *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

13 | if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

14 | jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc*., 477

15 | U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

16 | 626, 630 (9th Cir. 1987).

17 |       The determination of the existence of a material fact is often a close question. The

18 | Court must consider the substantive evidentiary burden that the nonmoving party must

19 | meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

20 | U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual

21 | issues of controversy in favor of the nonmoving party only when the facts specifically

22 | attested by that party contradict facts specifically attested by the moving party.  The

1  nonmoving party may not merely state that it will discredit the moving party's evidence

2  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

3  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

4  nonspecific statements in affidavits are not sufficient, and missing facts will not be

5  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

6  **B.    UTSA**

7        Washington's UTSA provides a statute of limitations of three years.  *See* RCW

8  19.108.060.   The limitations period for a trade secret claim runs from when "the

9  misappropriation is discovered or by the exercise of reasonable diligence should have

10  been discovered."  RCW 19.108.060.  The clock starts "when the claimant knows or

11  should know the relevant facts, whether or not the plaintiff also knows that these facts are

12  enough to establish a legal cause of action."  *McLeod v. Nw. Alloys, Inc.*, 90 Wn. App.

13  30, 36 (1998); *see also Precision Airmotive Corp. v. Rivera*, 288 F. Supp. 2d 1151, 1153

14  (9th Cir. 2003) (Plaintiff "had in its possession all that was necessary for it to discover

15  any alleged misappropriation . . . .").  Either disclosure or use of a trade secret triggers the

16  statute of limitations period.  *See McLeod*, 969 P.2d at 1070 ("Once the date of the

17  unauthorized disclosure is established, the McLeods cannot argue that a new period was

18  triggered when Northwest Alloys actually implemented or 'used' the trade secret in its

19  operation.").  In Washington, "a continuing misappropriation constitutes a single claim."

20  RCW 19.108.060.

21        In this case, Illumina contends that Syntrix's UTSA claim is barred by the statute

22  of limitations.  Illumina argues that any trade secret of Syntrix was disclosed in August

1  2001 when the '631 application was published.  Dkt. 94 at 9.  Even if any trade secret

2  was not publicly disclosed, Dr. Zebala had actual knowledge of Illumina's use in 2006

3  when he viewed Illumina's website and in early 2007 when his counsel wrote the letters

4  to Illumina.  Syntrix counters that "the great weight of the evidence demonstrates" that

5  Dr. Zebala first learned of Illumina's possible misappropriation in June 2010 when he

6  learned about the '631 application.  Dkt. 109 at 23.  The applicable standard, however, is

7  not "the great weight of the evidence."

8        First, the Federal Circuit has recognized that the publicly noticed filing of patent

9  protection may constitute constructive knowledge for purposes of discovering a claim

10  based on the misappropriation of trade secrets and commencing the statute of limitations.

11  *Adv. Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc*., 182 Fed. Appx. 994, 999–

12  1000 (Fed. Cir. 2006) (unpublished).  Syntrix attempts to distinguish this case on the

13  basis that the *Medtronic* court relied on a patent publication as well as public disclosure

14  through publications and at conferences.  Dkt. 109 at 13–14.  This argument is

15  unpersuasive because the *Medtronic* court gave no indication that all of the cited

16  disclosures were necessary to find constructive knowledge or any indication that any one

17  disclosure would not be dispositive, especially a published application.  Therefore, the

18  Court finds that Syntrix had constructive notice of possible misappropriation when the

19  '631 application was published in August of 2001.

20        Second, even if Syntrix did not have constructive notice in 2001, it had actual

21  notice in 2006 and, at the latest, by early 2007.  When Dr. Zebala viewed Illumina's

22  website and his counsel contacted Illumina regarding the possibility of a patent license,

1  he had in his possession all that was necessary for him to discover any alleged

2  misappropriation.  Syntrix argues that knowledge of patent infringement does not equate

3  to knowledge of trade secret misappropriation.  Dkt. 109 at 14–16.  While the scope of

4  the content may not perfectly overlap, once knowledge of alleged patent infringement is

5  established, a person exercising reasonable diligence could have discovered any

6  misappropriation of trade secrets under the same NDA that covered Syntrix's patented

7  technology.  Therefore, the Court grants Illumina's motion on Syntrix's UTSA claim.

8  **C.    Breach of Contract**

9       The parties agree that the NDA is governed by California law.  *See* Dkt. 109 at

10  16–18; Dkt. 115 at 10–11.  In California, the limitation period of four years runs from the

11  time of the breach of contract.  *See Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp.

12  2d 1127, 1134–35 (N.D. Cal. 2006); *April Enters., Inc. v. KTTV*, 195 Cal. Rptr. 421, 437

13  (Ct. App. 1983).  Under the "discovery rule" recognized by California courts, a cause of

14  action accrues when the plaintiff discovers or could have discovered, through the exercise

15  of reasonable diligence, all of the facts essential to his cause of action.  *Id*. at 826.

16       In this case, Illumina argues that Syntrix's breach of contract claim is barred

17  regardless of whether the discovery rule applies.  Dkt. 115 at 11.  The Court agrees.  The

18  NDA specifically classifies patents and patent applications as confidential material.  *See*

19  NDA, Appendix.  On September 26, 2006, Dr. Zebala received an email informing him

20  of possible patent infringement by Illumina.  Syntrix's cause of action accrued on or soon

21  after this date because Dr. Zebala could have discovered, through the exercise of

22  reasonable diligence, the facts essential to breach of the NDA by disclosure of the

1  contents in his patent application.  In fact, this information led to letters regarding patent

2  licensing and infringement allegations.  Therefore, the Court grants Illumina's motion on

3  Syntrix's breach of contract claim.

4  **D.  Unjust Enrichment**

5        Illumina moves for summary judgment on Syntrix's unjust enrichment claim.

6  Dkt. 94 at 13–14.  Syntrix failed to respond, which the Court considers an admission that

7  Illumina's motion has merit.  Local Civil Rule 7(b)(2).  Therefore, the Court grants

8  Illumina's motion for summary judgment on Syntrix's unjust enrichment claim because

9  Illumina has shown that it is entitled to judgment as a matter of law and Syntrix has failed

10  to show that a material question of fact exists.

11  **E.  Equitable Tolling**

12        "Equitable tolling is appropriate when it would effectuate: 1) the policies

13  underlying the statute, and 2) the purposes underlying the statute of limitations."

14  *Douchette v. Bethel School District No. 401*, 117 Wn.2d 805, 812 (1991) (citing *Hosogai*

15  *v. Kadota*, 145 Ariz. 227, 231, 700 P.2d 1327 (1985)).  "Equitable tolling focuses on a

16  plaintiff's excusable ignorance and lack of prejudice to the defendant."  *Leong v. Potter*,

17  347 F.3d 1117, 1123 (9th Cir. 2003) (citing *Santa Maria v. Pac. Bell*, 202 F.3d 1170,

18  1176 (9th Cir. 1991)).  However, "once a claimant retains counsel, tolling ceases because

19  she has gained the means of knowledge of her rights and can be charged with

20  constructive knowledge of the law's requirements."  *Leong*, 347 F.3d at 1123 (citing

21  *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997)).

22

1    In this case, Syntrix contends that its claims are subject to equitable tolling.  Dkt.

2  109 at 18–19.  The Court disagrees.  With regard to Syntrix's contract claim, Dr. Zabala

3  was on notice of a potential breach in September of 2006.  He has failed to submit facts

4  showing excusable ignorance of the law or of a potential breach of the contract that he

5  personally signed.  With regard to Sytnrix's other claims, it is undisputed that Syntrix

6  retained intellectual property counsel in January 2007 and didn't file suit until November

7  2010.  There is no excusable ignorance in failing to file claims when counsel has been

8  retained for almost the entire period of limitations.  Therefore, the Court denies Syntrix's

9  request to grant equitable tolling of its claims.

10                                    **IV. ORDER**

11    Therefore, it is hereby **ORDERED** that Illumina's motion for partial summary

12  judgment (Dkt. 94) is **GRANTED**.

13    Dated this 30th day of January, 2013.

14

15

16                          BENJAMIN H. SETTLE
                            United States District Judge

17

18

19

20

21

22

ORDER - 9