UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNTRIX BIOSYSTEMS, INC.,

    Plaintiff,

v.

ILLUMINA, INC.,

    Defendant.

CASE NO. C10-5870 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Syntrix Biosystems, Inc.'s ("Syntrix") motion for partial summary judgment (Dkt. 106). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 24, 2010, Syntrix filed a complaint against Defendant Illumina, Inc. ("Illumina") alleging infringement of United States Patent No. 6,951,682 ("'682 patent"); trade secret misappropriation under the Uniform Trade Secrets Act, RCW Chapter 19.108 ("UTSA"); breach of contract; and unjust enrichment. Dkt. 1. On January 31, 2011, Illumina answered and asserted the affirmative defense that the '682 Patent is "invalid for

ORDER - 1

failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including but not limited to 35 22 U.S.C. §§ 101, 102, 103, and/or 112." Dkt. 39.

On December 19, 2012, Syntrix filed a motion for partial summary judgment. Dkt. 106.  On January 7, 2013, Illumina responded.  Dkt. 117.  On January 11, 2013, Syntrix replied.  Dkt. 130.

## II. FACTUAL BACKGROUND

On September 17, 1999, Dr. John A. Zebala, filed U.S. utility patent application 09/332,815 ("'815 application"), which claimed priority to U.S. provisional patent application number 60/110,529 filed on December 1, 1998.  On October 4, 2005 the '815 application issued as the '682 Patent, which is titled "Porous Coatings Bearing Ligand Arrays and Use Thereof."

On June 11, 2008, Illumina filed a re-examination petition requesting that the '682 Patent be re-examined in light of prior art references.  Dkt. 107, Declaration of Christopher Schenck, Exh. F.  During the re-examination, the examiner considered two of the currently cited references, U.S. Patent No. 6,023,540 ("Walt '540") and U.S. Patent No. 5,900,481 ("Lough").  *Id.*, Exh. D.  On June 29, 2010, the USPTO issued a re-examination certificate confirming the patentability of the claims, with only two minor amendments to those claims.  *Id.*, Exh. H.

Illumina's expert, Dr. Milan Mrksich, Ph.D., asserts that the '682 Patent is anticipated and/or obvious in light of seven references.  *Id.*, Exh. B.  Syntrix categorizes the references into three families based on similarities in the disclosed technologies: (1)

ORDER - 2

1  the Walt Family that includes Walt '540, U.S. Patent No. 6,327,410 ("Walt '410"), and

2  U.S. Patent No. 7,060,431 ("Chee"); (2) the Lough Family that includes Lough and U.S.

3  Patent No. 6,133,436 ("Köster"); and (3) the Brenner Family that includes Patent

4  Application No. PCT/US95/12791 published as WO96/12014 ("Brenner") and U.S.

5  Patent No. 6,406,848 ("Bridgham"). Dkt. 106 at 8.

## III. DISCUSSION

7  Syntrix moves for summary judgment on Illumina's affirmative defenses that the

8  '682 Patent is invalid "due to lack of utility, anticipation, or obviousness." Dkt. 106 at 1.

**A.  Summary Judgment Standard**

10  Summary judgment is proper only if the pleadings, the discovery and disclosure

11  materials on file, and any affidavits show that there is no genuine issue as to any material

12  fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

13  The moving party is entitled to judgment as a matter of law when the nonmoving party

14  fails to make a sufficient showing on an essential element of a claim in the case on which

15  the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

16  323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole,

17  could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

18  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

19  present specific, significant probative evidence, not simply "some metaphysical doubt").

20  *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists

21  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

22  jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Standard of Proof**

"[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. "A patent shall be presumed valid." 35 U.S.C. § 282 (2006). The party asserting invalidity carries "[t]he burden of establishing invalidity of a patent or any claim thereof." *Id.* Invalidity, as a defense to infringement, must be proved by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd.*, 564 U.S. ____, 131 S. Ct. 2238, 2242 (2011). When an issue requires clear and convincing evidence, "the appropriate summary judgment question will be whether the evidence in the record could support a

reasonable jury finding either that the [party] has shown [invalidity] by clear and convincing evidence or that the [party] has not." *Anderson*, 477 U.S. at 255.

**C.   Lack of Utility**

In its response, Illumina withdrew the affirmative defense of lack of utility. Dkt. 117 at 2. Therefore, the Court denies Syntrix's motion on this issue as moot.

**D.   Anticipation**

Invalidation based on anticipation requires the party challenging validity to show, by clear and convincing evidence, that "every element and limitation of the claim was previously described in a single prior art reference." 35 U.S.C. § 102 (2006); *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1082 (Fed. Cir. 2008). A defendant's burden is reflected in the clear and convincing standard and a reexamination does not increase or enhance it. *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259–61 (Fed. Cir. 2012) (citing *Microsoft v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2250 (2011)). On the other hand, prior art that differs from the prior art considered by the Patent Office may carry more weight than the prior art that was considered. *Microsoft*, 131 S. Ct. at 2251. In addition to the references themselves, "testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference." *Schumer v. Laboratory Computer Systems, Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002).

In this case, Syntrix argues that Illumina has failed to provide clear and convincing evidence of anticipation for every element of Claim 1 in the '682 Patent. Dkt. 106 at 14–

18. Specifically, Syntrix contends that "Dr. Mrksich did not articulate anywhere in his report what specific aspect of each cited reference discloses the required 'continuous' element of Claim 1." *Id*. at 14. The Court construed the term "continuous" as follows: "A 'porous coating' is said to be 'continuous' when the coating covers the surface of the substrate with virtually no discontinuities or gaps." Dkt. 75 at 6.

With regard to the Walt Family of references, the anticipation argument is intertwined with an infringement argument. Syntrix alleges that Illumina's product infringes the '682 Patent, and Illumina contends that its product is "effectively indistinguishable" from the beads-in-wells structure disclosed by the Walt references. Dkt. 117 at 7. Thus, the argument goes that the two Walt references, which were issued before the '682 Patent, anticipate the '682 Patent because a product "which would literally infringe if later in time anticipates if earlier." *Upsher-Smith Laboratories, Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) (citations omitted). Taking the inferences in the light most favorable to Illumina – (1) Illumina's product is similar to the technology disclosed by Walt and (2) Illumina infringes – the Court finds that Illumina has produced evidence that a juror could find clear and convincing evidence of anticipation of the term "continuous." Therefore, the Court denies Syntrix's motion as to the Walt Family of references.

With regard to the Lough Family of references, Dr. Mrksich specifically addresses the continuous term. For example, he states that "Lough describes a 'high-density binding of beads to the solid support,' consistent with the [sic] a coating that covers the surface of the substrate with virtually no discontinuities or gaps." Mrksich Report, ¶ 253.

The Court finds that Illumina has produced evidence that a juror could find clear and convincing evidence of anticipation of the term "continuous." Therefore, the Court denies Syntrix's motion as to the Lough Family of references.

With regard to the Brenner Family of references, Dr. Mrksich's report sufficiently addresses the term "continuous." Dr. Mrksich initially addresses the '682 Patent claim limitation and then proceeds to describe monolayers and arrays of beads attached to a substrate. *See, e.g.*, Mrksich Report, ¶¶ 188–193. The Court finds that this is evidence that a juror could find clear and convincing evidence on the issue of anticipation of the term "continuous." Therefore, the Court denies Syntrix's motion as to the Brenner Family of references and the motion as to the affirmative defense of anticipation.

**E.   Obviousness**

If "the differences between the subject matter [patented] and the prior art are such that the subject matter as a whole would have been obvious" then the patent is rendered obvious. 35 U.S.C. § 103 (2006). Obviousness is a question of law based on underlying facts, as set forth in *Graham v. John Deere Co.*, 383 U.S. 1 (1966). The *Graham* factors are (1) the scope and content of the prior art, (2) the difference between the prior art and the claimed invention, (3) the level of ordinary skill in the field of the invention, and (4) any relevant objective considerations.

In this case, the parties dispute the elements of obviousness as well as Illumina's evidence as to obviousness. First, the Court agrees with Syntrix that "[t]he tests for anticipation and obviousness are different." *Cohesive Technologies, Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) ("it does not follow that every technically

1  anticipated invention would also have been obvious." (citation omitted)).  Therefore,

2  Illumina may not rely on the affirmative defense that the '682 Patent is obvious based on

3  inherent anticipation.

4  Second, Syntrix argues that "Dr. Mrksich's analysis fails on its face to provide

5  clear and convincing evidence of obviousness."  Dkt. 106 at 18.  While Dr. Mrksich fails

6  to provide a detailed, step-by-step determination of obviousness, the report cites evidence

7  that a juror could find clear and convincing evidence that creates a genuine issue of

8  material fact as to obviousness.  The obviousness inquiry is "expansive and flexible" and

9  is "not subject to a rigid formula."  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415, 419

10 (2007).  The Court finds that Illumina has submitted sufficient information to raise

11 questions of fact on the *Graham* factors.  Therefore, the Court denies Syntrix's motion

12 for summary judgment on Illumina's affirmative defense of obviousness.

13 ### IV. ORDER

14 Therefore, it is hereby **ORDERED** that Syntrix's motion for partial summary

15 judgment (Dkt. 106) is **DENIED**.

16 Dated this 30th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge