UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNTRIX BIOSYSTEMS, INC.,

            Plaintiff,

v.

ILLUMINA, INC.,

            Defendant.

CASE NO. C10-5870 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

        This matter comes before the Court on Defendant Illumina, Inc.'s ("Illumina")

motion for summary judgment (Dkt. 101).  The Court has considered the pleadings filed

in support of and in opposition to the motion and the remainder of the file and hereby

denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

        On November 24, 2010, Plaintiff Syntrix Biosystems, Inc. ("Syntrix") filed a

complaint against Illumina alleging infringement of United States Patent No. 6,951,682

("'682 patent"); trade secret misappropriation under the Uniform Trade Secrets Act,

RCW Chapter 19.108 ("UTSA"); breach of contract; and unjust enrichment.  Dkt. 1.

On June 11, 2012, the Court issued an order construing certain claims of the '682 Patent. Dkt. 75. The following three constructions are relevant to the instant motion:

"Gelled network" refers to an aggregation of particles linked together to form a porous three-dimensional network. Particles may be linked covalently or noncovalently through the use of a polymeric binder. Alternatively, particles may be linked covalently or noncovalently without the use of a binder, through interactions of chemical groups on the surface of the particles.

"porous coating" - A coating that is rigid, does not swell, and contains void regions ranging from 1 to 1500 nm in diameter resulting in porosities ranging from 0.15 to 0.99, where porosity is defined as the fraction of the coating volume which has pores.

"continuous" - A "porous coating" is said to be "continuous" when the coating covers the surface of the substrate with virtually no discontinuities or gaps.

*Id.*

On December 19, 2012, Illumina filed a motion for summary judgment on Syntrix's infringement claim. Dkt. 101. On January 7, 2013, Syntrix responded.[1] Dkt. 123. On January 11, 2013, Illumina replied. Dkt. 133.

## II. FACTUAL BACKGROUND

On September 17, 1999, Dr. John A. Zebala filed U.S. utility patent application 09/332,815 ("'815 application"), which claimed priority to U.S. provisional patent application number 60/110,529 filed on December 1, 1998. On October 4, 2005 the '815

---

[1] The Court denies Syntrix's request to strike Illumina's motion in its entirety because the motion does not violate the Local Rule precluding the filing of contemporaneous dispositive motions.

1  application issued as the '682 Patent, which is titled "Porous Coatings Bearing Ligand

2  Arrays and Use Thereof."

3      On June 11, 2008, Illumina filed a re-examination petition requesting that the '682

4  Patent be re-examined in light of prior art references.  Dkt. 107, Declaration of

5  Christopher Schenck, Exh. F.  During the re-examination, the examiner considered two of

6  the currently cited references, U.S. Patent No. 6,023,540 ("Walt '540") and U.S. Patent

7  No. 5,900,481 ("Lough").  *Id*., Exh. D.  On June 29, 2010, the USPTO issued a re-

8  examination certificate confirming the patentability of the claims, with only two minor

9  amendments to those claims.  *Id*., Exh. H.

**III. DISCUSSION**

11      Illumina moves for summary judgment of non-infringement and that the asserted

12  claims are invalid for lack of written description or, in the alternative, the '682 priority

13  date is December 1, 1998 and the alleged infringement is not willful.  Dkt. 101 at 2.

14  **A.      Summary Judgment Standard**

15      Summary judgment is proper only if the pleadings, the discovery and disclosure

16  materials on file, and any affidavits show that there is no genuine issue as to any material

17  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

18  The moving party is entitled to judgment as a matter of law when the nonmoving party

19  fails to make a sufficient showing on an essential element of a claim in the case on which

20  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

21  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

22  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

1  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

2  present specific, significant probative evidence, not simply "some metaphysical doubt").

3  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

4  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

5  jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

6  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

7  626, 630 (9th Cir. 1987).

8       The determination of the existence of a material fact is often a close question. The

9  Court must consider the substantive evidentiary burden that the nonmoving party must

10  meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

11  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

12  issues of controversy in favor of the nonmoving party only when the facts specifically

13  attested by that party contradict facts specifically attested by the moving party.  The

14  nonmoving party may not merely state that it will discredit the moving party's evidence

15  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

16  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

17  nonspecific statements in affidavits are not sufficient, and missing facts will not be

18  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

19  **B.    Infringement**

20       Determining non-infringement involves two steps: (1) construing the patent claims

21  to determine their meaning and legal effect and (2) determining whether the accused

22  product infringes the properly construed claims.  *Markman v. Westview Instruments, Inc.*,

1   517 U.S. 370, 384 (1996).  The Court construes claims as a matter of law; determining

2   infringement is a question of fact.  *Id*.  With regard to literal infringement, Syntrix must

3   provide evidence that "the accused device infringes if it incorporates every limitation of a

4   claim, either literally or under the doctrine of equivalents."  *Nazomi Commc'ns, Inc. v.*

5   *Arm Holdings, PLC*, 403 F.3d 1364, 1732 (Fed. Cir. 2005) (emphasis added).

6       In this case, Illumina argues that the accused products (1) are not "linked

7   together," (2) do not meet the void region limitation of the '682 patent, and (3) are not

8   continuous.  Dkt. 101 at 5–14.

9       **1.    Linking**

10      The issue with this limitation is whether the patent includes the particles being

11  linked together via a particle-substrate-particle configuration.  Illumina states that this

12  question "turns on the proper interpretation of the '682 patent."  Dkt. 133 at 2.  The

13  Court, however, has already construed the claims and did not construe the term "gelled

14  network" to include the limitation that the particles must be directly linked, which would

15  exclude products with the indirect particle-substrate-particle linking.  *See* Dkt. 75.  With

16  regard to the instant briefing, Illumina has failed to show that a person of ordinary skill in

17  the art would interpret the "gelled network" limitation to encompass only direct, particle-

18  to-particle linking.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005).

19  Therefore, the Court denies Illumina's motion on this issue.

20      **2.    Void Regions**

21      Illumina contends that this issue "has both a legal and a factual component."  Dkt.

22  133 at 5.  First, the "legal issue is one of claim interpretation: whether the definition of

1   'porous coating' mandates that all void regions in the coating be within the range

2   specified in the definition (1 to 1500 nm)." *Id.*  The Court construed the term "porous

3   coating" to include the limitation that the coating "contains void regions ranging from 1

4   to 1500 nm in diameter resulting in porosities ranging from 0.15 to 0.99 . . . ." Dkt. 75 at

5   11.  Syntrix cites *Mars, Inc. v. H.J. Heinz Co., L.P.*, 377 F.3d 1369 (Fed. Cir. 2004), for

6   the proposition that the term "containing" is an open-ended term which does not exclude

7   additional elements.  *Id.* at 1375–76.  Specifically, "'containing' is synonymous with

8   'comprising' and 'including.'"  *Id.* at 1375.   "'Comprising is a term of art used in claim

9   language which means that the named elements are essential, but other elements may be

10  added and still form a construct within the scope of the claim."  *Genentech, Inc. v. Chiron*

11  *Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997).  Therefore, "void regions" within the specific

12  range that contribute to the disclose porosities are essential, but this limitation does not

13  exclude other void regions within the porous coating.  Based on this conclusion, the

14  Court declines to adopt Illumina's limiting construction.

15      Second, Illumina argues that, even if the Court agrees with Syntrix on this issue of

16  construction, it should still grant summary judgment as to Illumina's 2μm and 3μm

17  BeadChips.  Dkt. 133 at 6.  Syntrix counters that, with these larger region products, the

18  required smaller regions exist in (1) the space at the bottom of a well below the bead

19  (what Dr. Metzker calls the "lower void regions"); and (2) striations in the walls of the

20  wells. Dkt. 123 at 8.  With regard to the former assertion, Syntrix has submitted

21  admissible evidence that creates a question of fact.  Although Illumina argues that Dr.

22  Metzker's assertion is not supported by analysis or testing, this goes to the weight of his

1  statement and not the admissibility of the statement for the purposes of this motion.

2  Therefore, the Court denies Illumina's motion on this issue because at least one question

3  of fact exists regarding infringement by the 2µm and 3µm BeadChips.

4    **3. Continuous**

5    The first issue on this limitation is whether Dr. Fiona Black's declaration (Dkt.

6  103) should be stricken.  Syntrix claims that the declaration is an "eleventh hour

7  production" in violation of the rules of discovery.  Dkt. 123 at 3–4.  Illumina, however,

8  contends that the information was promptly gathered and disclosed in response to Dr.

9  Metzker's November 14, 2012 rebuttal report.  Dkt. 133 at 7.  This appears to comply

10  with the rule for disclosure of rebuttal evidence and, therefore, the Court denies Syntrix's

11  motion to strike Dr. Black's declaration.

12    With regard to the merits of the motion, Illumina essentially requests a claim

13  limitation based on what Syntrix's expert purportedly testified to regarding the term

14  continuous.  Illumina contends that Dr. Metzker testified that an "objective test" for

15  continuous is whether 98% of the wells are filled with beads.  Dkt. 101 at 13–14.  Dr.

16  Metzker declares that Illumina's contention is a mischaracterization of his testimony, that

17  90% of filled wells would meet the definition of continuous, and that a substantial

18  number of Illumina's BeadChips meet this test.  Dkt. 124, Declaration of Michael

19  Metzker PhD, ¶ 14.  Illumina may attack alleged inconsistencies during trial, but for the

20  purposes of summary judgment, the Court finds that Dr. Metzker's report creates a

21  question of fact on the continuous limitation.  Therefore, the Court denies Illumina's

22  motion for summary judgment on this issue.

## C.     Written Description

The written description must "'clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.'" *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2012) (quoting *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991)).  Compliance with the written description requirement is a question of fact, but is "amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party." *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1353, 1355 (Fed. Cir. 2011).

In this case, Illumina argues that the '682 patent is invalid because it does not support particles covering the full scope of the claims.  Dkt. 101 at 16.  During claim construction, the Court declined to read a limitation into the claims regarding particle size based on the sentence in specification that states "a primary particle size greater than 1000 Å yields porous coatings with surface areas too small to be useful in the present invention."  Dkt. 75 at 15–16 (citing '628 Patent, col. 27, ll. 48–50).  The Court found "that the phrase 'too small to be useful' is neither a disavowal of subject matter nor an equivalent thereof."  Dkt. 75 at 15.  Now, Illumina argues that, because the Court refused to set an upper limit on the size of the particles, the '682 patent claims "cover 'porous coatings' made up of particles the size of tennis balls, bowling balls, or larger."  Dkt. 133 at 10.  The Court is not persuaded that this issue is amenable to summary judgment because a reasonable fact finder could reject Illumina's bowling ball argument and return a verdict for Syntrix that the written description recognized that the inventor invented what was claimed.  Therefore, the Court denies Illumina's motion on this issue.

1  **D.    Priority Date**

2        A patentee is entitled to a patent if, among other things, he establishes priority of

3  his invention over prior art.  35 U.S.C. § 102(g).  The patentee "must establish a *prima*

4  *facie* case of reasonable diligence, as well as dates of conception and reduction to

5  practice, to avoid summary judgment on the issue of priority."  *Griffith v. Kanamaru*, 816

6  F.2d 624, 626 (Fed. Cir. 1987).

7        In this case, Illumina argues that the '682 patent has a priority date no earlier than

8  December 1, 1998.  Dkt. 101 at 19.  Syntrix counters that Dr. Zebala filed three patent

9  applications on December 1, 1998 with the relevant application totaling 97 pages in

10  length and containing 174 claims.  Dkt. 123 at 19.  The Court finds that this evidence

11  shows reasonable diligence as to at least the day before he filed the applications.

12  Therefore, the Court denies Illumina's motion on this issue because the priority date may

13  be at least one day earlier than December 1, 1998.  The Court need not pass on an exact

14  priority date because the question has been answered, that it is at least one day prior to

15  that requested by Illumina.

16  **E.    Willfulness**

17        A showing of willful infringement allows for an award of enhanced damages

18  under 35 U.S.C. § 284.  To establish willful infringement, "a patentee must show by clear

19  and convincing evidence that the infringer acted despite an objectively high likelihood

20  that its actions constituted infringement of a valid patent."  *In re Seagate Technology,*

21  *LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).  Once the "threshold objective

22  standard is satisfied, the patentee must also demonstrate that this objectively-defined risk

1   . . . was either known or so obvious that it should have been known to the accused

2   infringer." *Id.*

3          In this case, Illumina is putting the enhanced damages cart before the trial horse.

4   It's undisputed that the issues of infringement as well as some of Illumina's infringement

5   defenses are based on questions of fact, which will be determined by the jury.  Moreover,

6   the Court will be more informed as to the circumstances after hearing testimony of

7   witnesses and observing all of the other evidence at trial.  Therefore, the Court denies

8   Illumina's motion for summary judgment on Syntrix's request for enhanced damages.

9                                      **IV. ORDER**

10         Therefore, it is hereby **ORDERED** that Illumina's motion for summary judgment

11  (Dkt. 101) is **DENIED**.

12         Dated this 7th day of February, 2013.

13

14   _____

15   BENJAMIN H. SETTLE
     United States District Judge

16

17

18

19

20

21

22

ORDER - 10