UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYNTRIX BIOSYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILLUMINA, INC., <br><br> Defendant. | CASE NO. C10-5870 BHS <br><br> ADDITIONAL RULINGS RE: MOTIONS IN LIMINE |

This matter comes before the Court on the parties' motions in limine (Dkts. 159 & 163) and the arguments presented at the pre-trial conference. During the conference, the Court took some issues under consideration and stated that it would issue a ruling before trial. The three issues that require clarification are (1) reexamination and related testimony, (2) objectiveness standards, and (3) the previously accused SAM product.

**A.  Reexamination**

The parties have not cited and the Court is unaware of any binding authority regarding the admissibility of reexamination proceedings. Thus, such evidence is subject

ORDER - 1

to the general rules of evidence.  *See, e.g., Belden Technologies Inc. v. Superior Essex Communications LP*, 802 F. Supp. 2d 555, 568–569 (D. Del. 2011).

In light of the parties' briefs and counsels' arguments, the Court finds that there are two relevant, non-prejudicial facts that must be conveyed to the jury.  First, prior art asserted by Illumina was submitted to and reviewed by the patent office.  On this issue, the Federal Circuit has held that such review may entitle evidence to more weight.  *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260–1261 (Fed. Cir. 2012).  The best solution, in the Court's opinion, is to introduce the concept of a reexamination proceeding in preliminary instruction number 2 (Federal Circuit Bar Assoc. Model Patent Jury Instructions § A.1 (2012)) and then, when the prior art at issue is introduced, the witness may testify as to whether it was considered during the original examination, the reexamination, both or neither.  This solution ameliorates any concern or objection as to "super examiners," the overworked patent office, and the fact that Illumina requested the *ex parte* examination, which are highly prejudicial topics.  This solution will also limit the testimony of Nicholas P. Godici, which was an issue of concern for the Court as well as Illumina.

Second, as part of its willfulness argument, Syntrix requests that it be allowed to provide evidence that Illumina was aware of the patent before the reexamination was requested.  Dkt. 197 at 10.  This can be admitted by stipulation or direct question to Illumina's witness and Syntrix's concern is a nonissue.

Therefore, the Court requests proposed alterations to the Court's preliminary instruction no later than February 22, 2013.  Objections to the Court's instant rulings will

be addressed and entered into the record on the first day of trial before preliminary instructions are read to the empanelled jury.

B.   **Objectiveness Standards**

In 2007 the Supreme Court relaxed the standard for obviousness. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). The '682 Patent issued before this decision and was reexamined after it. During reexamination, however, the patent was not subject to a *de novo* review for obviousness, in which case there would be no issue before the Court. Because there was no de novo review, the Court finds the different standards relevant and the jury shall be informed that the patent issued under a more stringent standard as applied to invalidity. The Court also finds that such information is not unduly prejudicial because the jury will also be informed that their job is to follow the law as to the current standard and the current burden. Therefore, the Court also requests a proposed instruction as to the different standards. The parties may argue, in closing arguments, the fact that the patent issued under a different standard and how the evidence applies to obviousness under the current standard.

C.   **SAM Product**

It is undisputed that Illumina sold or sells at least two products: the SAM product and the accused BeadChip product. Illumina contends that (1) during the early stages of the litigation, Syntrix accused both products of infringing, (2) Syntrix dropped SAM as an accused product when it determined that the SAM product was prior technology to the '682 Patent, and (3) the SAM technology is virtually identical to the BeadChip

1  technology.  The Court finds that all of this information is relevant and that none of it, if
2  true, is unfairly prejudicial.  Therefore, the Court denies Syntrix's motion on this issue.
3  **IT IS SO ORDERED.**
4  Dated this 14th day of February, 2013.

BENJAMIN H. SETTLE
United States District Judge