ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNTRIX BIOSYSTEMS, INC.,

                  Plaintiff,

    v.

ILLUMINA, INC.,

                  Defendant.

CASE NO. C10-5870BHS

VERDICT FORM

## VERDICT FORM

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

## I. INFRINGEMENT CLAIMS

**Question No. 1: Direct Infringement**

Has Syntrix proven by a preponderance of the evidence that Illumina literally infringes any of the following claims of U.S. Patent No. 6,951,682 ("the '682 Patent")? (Answer "YES" OR "NO" as to each claim and product listed below.  A "YES" answer to this question is a finding for Syntrix.  A "NO" answer is a finding for Illumina.)

|                         | Claim 1 | Claim 125 |
|-------------------------|---------|-----------|
| 1 micron BeadChip products | yes | yes |
| 2 micron BeadChip products | yes | yes |
| 3 micron BeadChip products | yes | yes |

*Please go on to Question 2.*

**Question No. 2: Indirect Infringement – Third Party Infringement**

Has Syntrix proven by a preponderance of the evidence that Illumina's customers have directly infringed Claim 125 of the '682 Patent? (Answer "YES" OR "NO." A "YES" answer to this question is a finding for Syntrix. A "NO" answer is a finding for Illumina.)

(Yes) yes          No _____

*If you answered "YES" to Question 2, then please answer Questions 3 and 4. If you answered "NO" to Question 2, then please proceed to Section II.*

**Question No. 3: Indirect Infringement – Contributory Infringement**

Has Syntrix proven by a preponderance of the evidence that Illumina has contributed to the infringement by Illumina's customers of Claim 125 of the '682 Patent? (Answer "YES" OR "NO" as to each product listed below. A "YES" answer to this question is a finding for Syntrix. A "NO" answer is a finding for Illumina.)

                                        **Claim 125**

     **1 micron BeadChip products**        _yes_

     **2 micron BeadChip products**        _yes_

     **3 micron BeadChip products**        _yes_

*Answer Question 4 regardless of your answer to Question 3.*


**Question No. 4: Indirect Infringement – Inducement of Infringement**

     Has Syntrix proven by a preponderance of the evidence that Illumina has induced

Illumina's customers to infringe Claim 125 of the '682 Patent? (Answer "YES" OR "NO" as

to each product listed below.  A "YES" answer to this question is a finding for Syntrix.  A

"NO" answer is a finding for Illumina.)

                                        **Claim 125**

     **1 micron BeadChip products**        _yes_

     **2 micron BeadChip products**        _yes_

     **3 micron BeadChip products**        _yes_

*Please proceed to Section II.*

## II. INVALIDITY CLAIMS

**Question No. 5: Invention Date - Patent**

Has Syntrix proven by a preponderance of the evidence that the invention date for any claim of the '682 Patent is prior to December 1, 1998, the date the patent application was filed?


Yes ✓        No _____

*If your answer to Question 5 is "yes," go to Question 6.  If your answer to question 5 is "no," do not answer Question 6 and go directly to Question 7.*

**Question No. 6: Invention Date – Patent Claims**

What is the invention date for each asserted claim of the '682 patent?

Claim 1 _Aug. 5, 1997_
Claim 125 _Aug 5, 1997_

**Question No. 7: Invalidity – Anticipation**

Did Illumina prove by clear and convincing evidence that any of the listed claims of the '682 Patent is invalid because it is anticipated?  (Answer "YES" or "NO" for each claim and prior art reference.  A "YES" answer to this question is a finding for Illumina.  A "NO" answer is a finding for Syntrix.)

|  | Walt '540 Patent | Walt '410 Patent |
|---|---|---|
| **Claim 1** | *No* | *No* |
| **Claim 125** | *No* | *No* |

*Please proceed to Question 8.*

**Question No. 8:  Written Description Requirement**

Has Illumina proven by clear and convincing evidence that the specification of the '682 Patent does not contain an adequate written description of any of the claims?  (Answer "YES" or "NO" for each claim.  A "YES" answer to this question is a finding for Illumina. A "NO" answer is a finding for Syntrix.)

| | | | |
|---|---|---|---|
| **Claim 1** | Yes _____ | (No) | *No* |
| **Claim 125** | Yes _____ | (No) | *No* |

*If you have found that any claim is both infringed (by answering "YES" to Questions 1, 3, or 4), and the same claim is not invalid (by answering "NO" to Questions 7 and 8 relating to that same claim in Section II), then please complete Section III; otherwise, do not complete Section III.*

# III. DAMAGES

**Question No. 9: Damages**

If you have found that an Asserted Claim of the '682 Patent is infringed and not invalid, what amount has Syntrix proved it is entitled to as a reasonable royalty?

**Rate:** __6__ % (Answer in a percentage)

**Total Damages:** $ __95,795,507.00__ (Answer in dollars and cents)

---

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Court Clerk that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

---

March __14__, 2013                     ___Dora L. Daley___
                                       FOREPERSON