UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNTRIX BIOSYSTEMS, INC.,

          Plaintiff,

   v.

ILLUMINA, INC.,

          Defendant.

CASE NO. C10-5870 BHS

ORDER REGARDING INDEFINITENESS

This matter comes before the Court to resolve Defendant Illumina, Inc.'s ("Illumina") claim that the term "known discrete full thickness volume" of United States Patent No. 6,951,682 ("the '682 Patent") is indefinite.

On November 24, 2010, Plaintiff Syntrix Biosystems, Inc. ("Syntrix") filed a complaint against Illumina asserting numerous causes of action, including infringement of the '682 Patent. Dkt. 1. On January 31, 2011, Illumina answered and asserted a counterclaim for declaratory judgment that the '682 Patent is invalid for numerous reasons, including that certain terms are indefinite. Dkt. 39.

The Court held an eleven-day trial in February and March of 2013 with the jury returning a verdict resolving the majority of the claims and defenses. Dkt. 285. The remaining claim to be resolved is whether the patent is invalid for indefiniteness, which is a question of law for the Court.

The "definiteness" requirement demands that applicants include claims that "particularly point out and distinctly claim[]" the invention. 35 U.S.C § 112, ¶ 2. The definiteness requirement does not require absolute clarity; only claims that are not amenable to construction or are "insolubly ambiguous" are indefinite. *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). One reason a claim may be indefinite is if it includes claim language that depends completely on the subjective opinion of a particular individual purportedly practicing the invention. *Id*. at 1350.

"In the face of an allegation of indefiniteness, general principles of claim construction apply." *Id*. at 1348. The Court need not recite those principles here as they are fully set forth in the claim construction order. *See* Dkt. 75 at 3–5. It is important to note, however, that extrinsic evidence, including expert testimony, is generally the last category of evidence a court may consider when construing patent claims. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). Although this is the general rule, the court may accept testimony of those skilled in the art when the question presented is whether the patent discloses an objective standard to practice the invention. *Datamize*, 417 F.3d at 1350 (citing *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1576 (Fed. Cir. 1986)) ("based on expert testimony it was undisputed that one of ordinary

skill in the art would easily have been able to determine the appropriate dimensions that the claim language required.").

In this case, Illumina argues that the phrase "known discrete full thickness volumes" is "not defined or described in the '682 Patent, nor does it have a commonly understood meaning in the art." Dkt. 220 at 21. First, while even Syntrix concedes that the phrase in question is not defined or described in the '682 Patent, such failure does not result in the conclusion that the phrase is not amenable to construction or that the phrase is insolubly ambiguous. Therefore, the Court declines to conclude that the phrase is indefinite because it is not explicitly defined or described in the specification.

Second, "commonly understood meaning in the art" is not the standard. Under the proper standard, Illumina has failed to meet its burden. The Federal Circuit has held that the "scope of claim language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention." *Datamize*, 417 F.3d at 1350. Illumina contends that the Court failed to define "known," the specification fails to provide an "objective anchor" (*Datamize*, 417 F.3d at 1350) for the term "known," and, therefore, the term is indefinite because it depends solely on the subjective opinion of an individual practicing the invention. Dkt. 220 at 21–22; Dkt. 282 at 14–16. In fact, Illumina contends that (1) even the inventor, Dr. Zebala, and his expert, Dr. Metzker, have provided "remarkably different" examples of the phrase in question (Dkt. 220 at 14); and (2) three different examples were given during trial for encapsulating two particles (Dkt. 282 at 15–16). While infinite volumes may conceivably be formed between two definable planes (*see* trial transcript at 1470–1471), such formation of three

1  dimensional volumes is not reasonable and, at the very least, is not clear and convincing
2  evidence that the patent is invalid.
3        "If the meaning of the claim is discernible, even though the task may be
4  formidable and the conclusion may be one over which reasonable persons will disagree,
5  we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds."
6  *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001).
7  Moreover, "the definiteness of claim terms depends on whether those terms can be given
8  any reasonable meaning." *Datamize*, 417 F.3d at 1348.  The Court concludes that the
9  meaning of the claim is discernible such that the volume is the region between the
10 boundaries of the base plane and the surface plane.  *See* trial transcript at 1735–1737.
11 Even though very accomplished and highly educated people disagree with this
12 conclusion, it is reasonable and sufficiently clear.  Therefore, the Court concludes that the
13 '682 Patent is not invalid for indefiniteness.
14        Dated this 3rd day of May, 2013.

                    BENJAMIN H. SETTLE
                    United States District Judge