1
2
3
4
5
6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                    AT TACOMA

8  SYNTRIX BIOSYSTEMS, INC.,

9                       Plaintiff,                CASE NO. C10-5870 BHS

10          v.                                    ORDER

11 ILLUMINA, INC.,

12                      Defendant.

13

14     This matter comes before the Court on Plaintiff Syntrix Biosystems, Inc.'s

15 ("Syntrix") motion for prejudgment interest (Dkt. 315) and motion for supplemental

16 damages (Dkt. 319) and Defendant Illumina, Inc.'s ("Illumina") motion to redact portions

17 of the trial transcript (Dkt. 326). The Court has considered the pleadings filed in support

18 of and in opposition to the motions and the remainder of the file and hereby grants in part

19 Syntrix's motion for prejudgment interest, grants Syntrix's motion for supplemental

20 damages, and grants Illumina's motion for the reasons stated herein.

21
22

ORDER - 1

## I. PROCEDURAL HISTORY

On November 24, 2010, Syntrix filed a complaint against Illumina asserting numerous causes of action, including alleging infringement of United States Patent No. 6,951,682. Dkt. 1. On March 14, 2013, the jury returned a verdict in favor of Syntrix. Dkt. 285.

On May 1, 2013, Syntrix filed a motion for prejudgment interest (Dkt. 315) and a motion for supplemental damages (Dkt. 319). On May 10, 2013, Illumina responded to the motion for prejudgment interest (Dkt. 315).

On May 3, 2013, Illumina filed a motion to redact portions of the trial transcript. Dkt. 326. On May 20, 2013, Syntrix responded. Dkt. 337. On May 24, 2013, Illumina replied. Dkt. 339.

## II. DISCUSSION

**A.  Supplemental Damages**

Syntrix requests $12,037,468 in supplemental damages for infringing sales through the date of the verdict. Dkt. 319. Illumina did not respond, and Syntrix represents to the Court that the parties are in agreement as to the amount based on the number of sales and the jury's finding that 6% was a reasonable royalty. *Id*. at 3. Therefore, the Court grants the motion for supplemental damages.

**B.  Prejudgment Interest**

Prejudgment interest is meant to be compensatory and not punitive. *Oiness v. Walgreens Co.*, 88 F.3d 1025, 1003 (Fed. Cir. 1996). The purpose of prejudgment interest is to put the patent owner "in as good a position as he would have been in had the

infringer entered into a reasonable royalty agreement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). To do so, prejudgment interest seeks to compensate the patentee for the forgone use of the money between the time of infringement and the date of the judgment. *Id*. The rate of prejudgment interest is "left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986).

On this issue, the parties only dispute the rate of interest. Syntrix requests that the Court impose the prime rate (Dkt. 315), and Illumina requests that the Court impose the T-bill rate (Dkt. 335). While Illumina has shown that Syntrix chose to invest its excess cash in low return money market funds, it is unknown how Syntrix would have invested a consistent royalty from Illumina over the time period in question. Syntrix could have also been conservative with this hypothetical stream of income, or it could have been more aggressive with the constant stream of income. The Court finds that Syntrix is made whole by splitting the difference and averaging the prime rate and T-bill rate, compounded quarterly, over the period of infringement. Therefore, the Court grants Syntrix's motion in part. The Court requests that the parties submit a stipulated declaration as to the amount of interest up to the date of this order and a daily calculation for the period between the date of this order and the entry of judgment.

**C.     Redaction**

In this case, the Court has consistently granted motions to seal the actual royalty rates negotiated by Illumina. Although this was a public trial, the Court finds that hearing a rate at trial is significantly different than being able to electronically access the

1  trial transcripts.  The Court also finds that Illumina has met its burden to show that the
2  public interest in understanding the judicial process is outweighed by the significance of
3  the proprietary information in question.  Therefore, the Court grants Illumina's motion to
4  redact certain portions of the trial transcript.

### III. ORDER

6  Therefore, it is hereby **ORDERED** that Syntrix's motion for prejudgment interest
7  (Dkt. 315) is **GRANTED in part**; the motion for supplemental damages (Dkt. 319) is
8  **GRANTED**; and Defendant Illumina, Inc.'s ("Illumina") motion to redact portions of the
9  trial transcript (Dkt. 326) is **GRANTED.**

10  Dated this 5th day of June, 2013.

BENJAMIN H. SETTLE  
United States District Judge