UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNTRIX BIOSYSTEMS, INC.,

        Plaintiff,

    v.

ILLUMINA, INC.,

        Defendant.

CASE NO. C10-5870 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT AND MOTION FOR ONGOING ROYALTIES

This matter comes before the Court on Plaintiff Syntrix Biosystems, Inc.'s ("Syntrix") motion for judgment (Dkt. 313) and motion for ongoing royalties (Dkt. 330). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 24, 2010, Syntrix filed a complaint against Defendant Illumina, Inc. ("Illumina") asserting numerous causes of action, including alleged infringement of United States Patent No. 6,951,682. Dkt. 1. On March 14, 2013, the jury returned a

verdict in favor of Syntrix, which included a finding that Syntrix had proved that it was entitled to a reasonable royalty of 6% for past infringement. Dkt. 285.

On May 1, 2013, Syntrix filed a motion for judgment. Dkt. 313. On May 10, 2013, Illumina responded. Dkt. 334.

On May 3, 2013, Syntrix filed a motion for ongoing royalties. Dkt. 330. On May 31, 2013, Illumina responded. Dkt. 344. On June 10, 2013, Syntrix replied. Dkt. 348.

## II. DISCUSSION

### A. Judgment

Both parties agree that a judgment should issue including the verdict, the matters of supplemental damages, prejudgment interest, and ongoing royalties. Illumina disputes, however, whether taxation of costs should be included in the judgment. Dkt. 334 at 2. The Court agrees with Illumina and taxation of costs should be requested post judgment. Therefore, the Court grants Syntrix's motion with the exception of costs.

### B. Ongoing Royalties

Following a jury verdict of infringement, a district court may award an ongoing royalty for continued patent infringement. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007). The parties should ordinarily be given an opportunity to negotiate a license regarding future use of the patented invention, but if they are unable to reach agreement, the district court can "step in to assess a reasonable royalty in light of the ongoing infringement." *Id*.

An ongoing royalty is a form of equitable relief authorized under 35 U.S.C. § 283. *See id*. at 1315 n. 16. The Court is not bound by the prejudgment royalty rate found by

the jury. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361–62 (Fed. Cir. 2008). "[P]re-suit and post-judgment acts of infringement are distinct, and may warrant different royalty rates given the change in the parties' legal relationship and other factors." *Paice*, 504 F.3d at 1317 (Rader, J., concurring).

In *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992), the Federal Circuit provided guiding factors to determine whether and how much damages should be enhanced in light of Defendant's ongoing willful infringement. These factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the infringer's misconduct; (7) any remedial action taken by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *See id.*, 970 F.2d at 827.

In this case, Syntrix seeks an ongoing royalty instead of a permanent injunction. Syntrix, however, requests that the Court impose a 9% royalty rate for ongoing infringement instead of the 6% rate the jury found for past infringement. Dkt. 330. While the parties dispute the evidence and how it influences the *Read* factors, Syntrix has failed to show that any particular factor or combination of factors weighs in favor of a higher royalty rate for ongoing infringement. The one persuasive argument that Syntrix makes is the parties' relative bargaining positions post-verdict. Although the Court has continually expressed that there are close questions of law in this case, the jury quickly

and soundly rejected Illumina's positions. After an eleven-day trial, the jury returned a complete verdict for Syntirx in two and an half hours. *See* Dkt. 284. Based on this decisiveness and the evidence offered at trial, the Court finds that Syntrix is in a stronger bargaining position than it was prior to the verdict. Additionally, Illumina has no readily apparent alternative if it seeks to continue its production and sale of the infringing product. The Court further finds that a 2% increase in the ongoing royalty rate adequately compensates Syntrix for the stronger bargaining position. Therefore, the Court grants Syntrix's motion and imposes an 8% royalty rate for ongoing infringement.

The Court notes that Illumina contends that its status as an infringer should not change post verdict because close questions of law are still in play in this proceeding. The Court agrees as to the existence of the questions of law, but disagrees as to Illumina's status. If Illumina is successful with its post judgment motions, then the ongoing royalty rate is irrelevant. If Illumina is unsuccessful, then it is undisputed that Illumina has been fully heard on all of its positions and both the judge and jury have rejected those non-infringement and invalidity positions. Such finality undercuts Illumina's positions, and Syntrix is placed in a stronger position to negotiate the rate for additional infringing sales. Therefore, the Court declines to adopt Illumina's argument that the parties' status has not changed despite the near finality of this proceeding.

Finally, the parties also dispute how the rate should be calculated. Syntrix requests that the rate be imposed on orders while Illumina contends that the royalties should be based on shipments. The Court agrees with Illumina. Therefore, ongoing royalties shall be calculated based on products shipped.

## III. ORDER

Therefore, it is hereby **ORDERED** that Syntrix's motion for judgment (Dkt. 313) is **GRANTED** and motion for ongoing royalties (Dkt. 330) is **GRANTED**.  Syntrix shall submit a proposed order for ongoing royalties consistent with this order.

Dated this 18th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge